UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 01-30044-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ANTON ROBINSON** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

On June 29, 2012, Defendant Anton Robinson ("Robinson") filed a document entitled "NOTICE OF APPEAL PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 4(a)(6)," which the Clerk of Court docketed as a notice of appeal [Doc. No. 408] and a motion to reopen the time for appeal ("motion to reopen") [Doc. No. 407]. The Court now addresses the motion to reopen.

Robinson was convicted on September 10, 2002, of conspiracy to possess with the intent to distribute crack cocaine. [Doc. No. 160]. On January 14, 2003, the Court sentenced Robinson to serve a term of imprisonment of 324 months. [Doc. No. 186]. Robinson appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. His appeal was dismissed on March 3, 2003, for want of prosecution. [Doc. No. 194]. However, on Robinson's motion, the appeal was later reinstated and considered on the merits. On July 18, 2003, the Fifth Circuit affirmed Robinson's conviction and sentence. [Doc. No. 205].

On October 19, 2004, Robinson filed, *pro se*, a Motion to Vacate, Set Aside, or Reduce Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 223]. After briefing was completed, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 237] recommending that the Court dismiss Robinson's § 2255 petition. The Court adopted the Report

and Recommendation and dismissed Robinson's § 2255 petition on May 6, 2005. [Doc. No. 241]. However, on July 1, 2005, the Court granted Robinson's motion for reconsideration and for an extension of time to file objections, vacating its May 6, 2005 Judgment and granting Robinson an extension until July 18, 2005, to file objections to the Report and Recommendation. [Doc. No. 247].

Robinson timely filed objections, but the case was not considered again until March 27, 2008, when Robinson asked for clarification on the status of his motion. [Doc. No. 283]. At that time, pursuant to 18 U.S.C. § 3582(c)(2), the Court was also considering, *sua sponte*, whether any defendants with crack cocaine convictions might be subject to a reduction in their term of imprisonment based on November 1, 2007 amendments to the United States Sentencing Commission Guidelines for crack cocaine offenses. [Doc. No. 305]. The Court appointed Betty Marak, Assistant Federal Public Defender, to represent Robinson with regard to the § 3582(c)(2) issue. Robinson continued to represent himself on the § 2255 motion.

On September 16, 2008, the Court issued a Ruling and Judgment [Doc. Nos. 309 & 310] granting in part and denying in part Robinson's § 2255 motion. The Court dismissed all Robinson's claims except two: whether he was denied effective assistance of counsel because his attorney failed to properly advise him of his potential term of imprisonment under the Guidelines and whether he was denied effective assistance of counsel because his attorney had a conflict of interest. [Doc. No. 310]. The case was then returned to Magistrate Judge Hayes for further proceedings on the remaining § 2255 claims.

The same day, September 16, 2008, the Court stayed consideration of Robinson's case under § 3582(c)(2) pending the outcome of the § 2255 motion. [Doc. No. 308].

While acting *pro se*, on January 22, 2009, Robinson amended his § 2255 motion to add other claims. [Doc. No. 315]. On April 6, 2009, Magistrate Judge Hayes set a hearing on the § 2255 claims and appointed attorney Jennifer McKay to represent Robinson.

Despite the appointment of counsel, on April 13, 2009, Robinson filed a reply memorandum [Doc. No. 323] which focused on the allegedly deficient performance of his former counsel.

Between June 8, 2009, and July 9, 2009, Ms. McKay obtained the issuance of subpoenas for the hearing, filed a pre-trial memorandum, and submitted a witness and exhibit list. The hearing on the § 2555 motion was held on July 9, 2009, and Ms. McKay represented Robinson at the hearing. She also filed a post-trial brief on August 11, 2009. [Doc. No. 340].

On October 16, 2009, Magistrate Judge Hayes issued another Report and Recommendation [Doc. No. 343] recommending that the § 2255 petition be denied. Ms. McKay filed objections on Robinson's behalf. [Doc. No. 345]. Nevertheless, on December 28, 2009, the Court adopted the Report and Recommendation and issued a Judgment dismissing Robinson's motion. [Doc. No. 349]. The same day the Court also issued an order notifying counsel that the Court did not intend to reduce Robinson's sentence of imprisonment under § 3582(c)(2).

On January 29, 2010, Ms. Marak was allowed to withdraw from representation of Robinson on the § 3582(c)(2) issue, and the Court granted Robinson 30 days to submit any evidence or argument regarding his eligibility for a reduction. [Doc. No. 354].

On February 18, 2010, Ms. McKay filed a notice of appeal of the Court's dismissal of the § 2255 motion.

The following day, February 19, 2010, the Court issued a denial of a certificate of

appealability ("COA") on the § 2255 motion. [Doc. No. 356]. On February 23, 2010, Ms. McKay filed a Motion for Reconsideration [Doc. No. 357]. After reviewing the motion, the Court agreed with Ms. McKay, in part, and, on March 2, 2010, issued a COA on the limited issue of "whether petitioner was prejudicially denied the effective assistance of counsel in violation of the Sixth Amendment in connection with the advice provided concerning the sentencing guidelines." [Doc. No. 360].

On March 9, 2010, despite Ms. McKay's representation, Robinson filed his own notice of appeal of the § 2255 motion [Doc. No. 361] and a motion for COA [Doc. No. 362]. On March 23, 2010, the Court issued a Memorandum Order [Doc. No. 363], explaining to Robinson that Ms. McKay had already timely filed a notice of appeal and obtained the issuance of a COA on reconsideration from this Court. To avoid confusion, the Court denied Robinson's motion for COA as moot and struck his *pro se* notice of appeal from the record . *Id.* The Court further ordered that Robinson was prohibited from filing any pleadings *pro se* unless and until his counsel withdrew from representing Robinson. *Id.*

On April 7, 2010, Robinson filed a "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(1)" ("Motion for Relief from Judgment") [Doc. No. 368]. Consistent with the Court's March 23, 2010 Memorandum Order, the Clerk of Court returned the motion to Robinson. However, on April 9, 2010, the Clerk of Court received a letter from Robinson in which he alleged that the duties of his appointed counsel did not extend to the basis of the Motion for Relief from Judgment. [Doc. No. 369]. The Clerk of Court contacted the Court, and the Court instructed that Robinson's Motion for Relief from Judgment be referred for consideration.

In the Motion for Relief from Judgment, Robinson complained that Magistrate Judge Hayes, the United States Attorney, his attorney, and the Court all missed the point by failing to fully analyze his *Apprendi* claim. Specifically, he objected that the Court had failed to address his argument that he was "denied due process of law and his Sixth Amendment constitutional rights to notice and jury trial by the increase in his sentence by facts not charged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by Mr. Robinson." [Doc. No. 368, p. 3 (capitalization deleted)]. In its April 21, 2010 Memorandum Order [Doc. No. 371], the Court denied Robinson's Motion for Relief from Judgment for the following reasons:

> In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court "held that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *United States v. Senegal*, No. 08-40406, 2010 WL 1141643, at *14 (5th Cir. March 23, 2010) (citing *Apprendi*, 530 U.S. at 490). "Once the jury's findings establish the statutory maximum, however, the district court can make findings as to additional information that would cause it to impose a higher or lower sentence within the statutorily authorized range." *Id.* In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court explained further that it had "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range . . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Finally, the Fifth Circuit has held "[p]ost- Booker [that] a district court **may sentence a defendant on facts not established by either a guilty plea or jury verdict, as long as the [facts] ha[ve] been proven by a preponderance of the evidence**." *United States v. Valles*, 484 F.3d 745, 760 (5th Cir. 2007) (emphasis added) (citing *United States v. Valdez*, 453 F.3d 252, 264 (5th Cir. 2006) (citation omitted)); *see also Senegal*, 2010 WL 1141643, at *14 (quoting same).
>
> Thus, while Robinson takes issue with the Court's September 16, 2008 Ruling, *Apprendi* prohibits the Court from enhancing his sentence to a term greater than the statutory maximum based on facts that were not submitted to the jury and not proved beyond a reasonable doubt. Robinson was not sentenced . .. . greater than the statutory maximum. Therefore, *Booker* and its progeny would

have [to] provide [the] basis, if any, for his claim.

> IT IS ORDERED that Robinson's Motion for Relief from Judgment and request for a default judgment are DENIED. The Court's March 23, 2010 Order remains in place, and Robinson is not permitted to make any more filings in this matter related to his § 2255 motion, whether he believes those issues are being properly handled on appeal or not. If his § 2255 appeal is not resolved by the Fifth Circuit to his satisfaction, he can later request leave from the Fifth Circuit to file a second and successive § 2255 motion.

[Doc. No. 371, pp. 2-4]. Notice of this Memorandum Order was provided to Ms. McKay, who continued to be his counsel of record.

On the same day, April 21, 2010, the Court issued an order [Doc. No. 370] finding that Robinson was not entitled to a reduction in his term of imprisonment under § 3582(c)(2) and ordering that he continue to serve his 324-month sentence. Robinson did not seek to appeal this order.

On September 24, 2010, Robinson filed a status inquiry with the Clerk of Court. As a result, the Clerk of Court sent him a copy of the Court's April 21, 2010 Memorandum Order.

On October 18, 2010, Robinson again filed a notice of appeal [Doc. No. 376] and motion for a COA [Doc. No. 377]. The Court again denied Robinson's motion, found any appeal of the Court's April 21, 2010 Order to be untimely, and again ordered the Clerk of Court to decline to accept filings from Robinson. [Doc. No. 379].

On January 14, 2011, the Fifth Circuit dismissed Robinson's *pro se* appeal of the Court's denial of the Motion for Relief from Judgment for lack of timely filing of a notice.

On January 26, 2011, the Clerk of Court received a *pro se* motion from Robinson seeking to reopen the time for appeal of his Motion for Relief from Judgment, but, consistent with the

Court's previous orders, the Clerk of Court returned the motion to him since he was still represented by Ms. McKay.

On March 11, 2011, the Fifth Circuit affirmed this Court's Judgment on Robinson's § 2255 motion. [Doc. No. 384].

On November 1, 2011, after amendments to the Sentencing Guidelines for crack cocaine offenses following the enactment of the Fair Sentencing Act, the Court began, once again, to consider whether defendants with crack cocaine convictions might be entitled to a reduction in their terms of imprisonment. On that date, the Court issued an order notifying Robinson, who was then represented by the Office of the Federal Public Defender, that, after consideration of the November 1, 2011 amendments to the Sentencing Guidelines, the Court had determined that Robinson was not entitled to a reduction in his term of imprisonment. After giving counsel time to respond, on January 27, 2012, the Court issued an order indicating that Robinson must continue to serve his term of imprisonment. [Doc. No. 402].

On March 23, 2012, Robinson filed a Motion Seeking Writ of Mandamus [Doc. No. 405], moving the Court to lift the filing restriction, so that he may represent himself on any further matters. After review, the Court issued an order [Doc. No. 406] granting Robinson's motion and lifting the filing restriction. However, the Court cautioned Robinson that " he cannot file a second or successive Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255, in this Court without permission from the Fifth Circuit. If he wishes to seek further relief under § 2255, Robinson will need to first file a motion for leave to file a second or successive § 2255 motion in the Fifth Circuit." *Id.*

Despite the Court's caution, Robinson has filed the pending notice of appeal and the

motion to reopen. Pursuant to Fed. R. App. P. 4(a)(6), Robinson moves the Court to reopen the time for appeal of the Court's April 21, 2010 Memorandum Order [Doc. No. 371] denying his Motion for Relief from Judgment [Doc. No. 368]. In his motion, however, Robinson also contends that the Court should have construed his September 24, 2010 status inquiry as a motion to reopen the time for filing his motion for a COA, which he subsequently filed on or about October 18, 2010. [Doc. No. 377]. Robinson contends that, despite his diligence, the Court did not respond to his inquiry until October 22, 2010, and, thus, he never received "any entries of judgment or order sought to be appealed." [Doc. No. 407, p. 4].

Rule 4(a)(6) provides:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

In this case, however, Robinson ignores the fact that he was represented at the time he filed the *pro se* Motion for Relief from Judgment. Notice was properly sent to his counsel, Ms. McKay, and no appeal was filed. Although Robinson himself did not receive a copy of the Court's April 21, 2010 Judgment until after his September 24, 2010 inquiry, notice was properly given to and received by his counsel, so the provisions of Rule 4(a)(6) do not apply. *See Resendiz v. Dretke*,

452 F.3d 356, 362 (5th Cir. 2006) ("We hold that the district court correctly found that the notice received by counsel was imputed to [the defendant], which renders the Rule 4(a)(6) motion to reopen untimely."). At no time during any of these complicated proceedings did Robinson move for the withdrawal of Ms. McKay as his counsel on the § 2255 motion, and there is no evidence that Ms. McKay abandoned his representation. In fact, the evidence is quite to the contrary. She vigorously championed his cause, even obtaining a COA.

Further, although there is no authority or basis for the Court to address the timeliness of Robinson's October 18, 2010 notice of appeal at this point, the Court notes that it had no duty to construe a status inquiry as a motion to reopen the time for appeal. In that document, Robinson asked only about the "status" of his motion, nothing else. [Doc. No. 375, p. 1]. He did not give notice of an appeal or ask that the Court consider the timeliness of said notice.

To the extent that Robinson now moves the Court to reopen the time period for appeal, he clearly does not meet the requirements of Rule 4(a)(6). He received notice of the Court's April 21, 2010 Memorandum Order through counsel and then later received a copy himself. At this point, all time periods contemplated by Rule 4(a)(6) have passed, and Robinson is not entitled to relief.

Finally, "Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met." *Jones v. W.J. Services, Inc.*, 970 F.2d 36, 39 (5th Cir. 1992). In this case, even if Robinson met the requirements of Rule 4(a)(6), the Court would not grant relief because Robinson's Motion for Relief from Judgment and his current appeal are patently frivolous. There are no *Apprendi* issues, and there is no basis for an appeal. Therefore, the Court will deny

Robinson's motion to reopen [Doc. No. 407]. His appeal is untimely.

MONROE, LOUISIANA, this 13th day of July, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE